FILED MAILROOM
AUG 19 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>BRIAN A. JOHNSON, )<br>    Defendant/Petitioner. ) | Case No. 98-00283-A<br>Judge Brinkema |

## MOTION FOR REDUCTION OF SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

NOW COMES BRIAN A. JOHNSON, DEFENDANT, PRO SE, and for his Motion For Reduction of Sentence does state as follows:

1. 18 U.S.C. § 3582(c)(2) provides:

   "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

2. As is well known, the United States Sentencing Commission ("USSC") amended United States Sentencing Guidelines ("USSG") § 1B1.10(c), effective November 1, 2007, and on December 11, 2007, unanimously voted to make said Amendment retroactive. Retroactivity was made effective as of March 3, 2008.

3. Amendment 706 to USSG § 2D1.1 reduces the guideline range for some offenses involving crack cocaine. As this Honorable Court is aware, the defendant's case involves crack cocaine. The defendant, having reviewed the Amendment in its entirety, is of the opinion that the retroactive changes would apply in his case, and therefore believes that his total Offense Level under the guidelines should be reduced.

4. The Court, in considering whether or not a reduction in sentence is appropriate, must

consider the factors enumerated in 18 U.S.C. § 3553(a) to the extent that they are applicable. Defendant maintains that such consideration would yield results in his favor.

5. In § 1B1.10 of the guidelines, the Sentencing Commission has identified the Amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the Amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>: "In a case in which a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has subsequently been lowered as a result of an Amendment to the Guidelines Manual listed in §§ (c) below, the Court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."
> (2) <u>Exclusions</u>: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if:
>     (A) none of the Amendments listed in §§ (c) is applicable to the defendant, or:
>     (B) an Amendment listed in §§ (c) does not have the effect of lowering the defendant's applicable guidelines range."
> (3) <u>Limitations</u>: "Consistent with §§ (b) proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."

6. The Amendment in question in this matter, Amendment 706, effective November 1, 2007, reduced the base offense level for most cocaine base ("crack") offenses. Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which was also effective on November 1, 2007. On December 11, 2007, the Commission added Amendment 706 to the list of Amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

7. In Amendment 706, the Commission generally reduced by two levels the offense levels for crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ration applied by Congress to powder cocaine and crack offenses in setting statutory mandatory penalties while still reducing the offense levels for crack offenses. See: *USSG Supp. to App. C, Amendment 706.*

8. Previously, the Commission had set the crack offense levels in § 2D1.1 above the

range which included the mandatory minimum sentence. Under the Amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving 5 grams of crack cocaine requires a statutory mandatory minimum penalty of 5 years of imprisonment. (See: 21 U.S.C. § 841 (b)(1)(B).) Therefore, the revised guideline applies an Offense Level of 24 to a quantity of cocaine base ("crack") of at least 5 grams, but less than 20 grams. At Criminal History Category I, this Level produces a sentencing range of 51-63 months (encompassing the 60 month mandatory minimum as required by statute).

9. The final result of the Amendment is a reduction of two Levels for each of the ranges set in the guidelines for crack offenses. At the high end, the Guidelines previously applied Offense Level 38 to any quantity of crack of 1.5 kilograms or more. That Offense Level now applies to a quantity of 4.5 kilograms or more. A quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in Offense Level 36. At the low end, the Guidelines previously assigned Offense Level 12 to a quantity of less than 250 mg. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offense of conviction involved crack as well as other controlled substances. <u>The defendant in this case is seeking such a reduction as is indicated above under 18 U.S.C. § 3582(c)(2).</u>

10. The defendant maintains that Amendment 706 should reduce the guideline range applicable to his case, and is therefore requesting this Honorable Court to review and reduce his sentence. Specifically, the original Base Offense Level applied to determine defendant's sentence was 38. That Offense Level should now be reduced to 36. Utilizing the defendant's Criminal History Level of I (and the Court is reminded that "I" is the lowest rating possible), and the Offense Level 36, defendant would be subject to a matrix-determined sentencing range of 188 to 235 months. Defendant therefore requests that his current sentence of life imprisonment be reduced to conform to this now appropriate sentencing range, and would plead to be sentenced to the low end of that range, or at 188 months.

11. Furthermore, § 1B1.10 directs that "the Court shall consider the factors set forth in 18 U>S.C. § 3553(a) in determining . . . . .[w]hether a reduction in the defendant's term of imprisonment is warranted." We now turn to those factors for guidance.

12. 18 U.S.C. § 3553(a) instructs the Court to consider the nature and circumstances

of the offense:

<u>The Sentencing Commission has fully considered the "nature and circumstances of the offense,</u> thereby giving the Court guidance which unequivocally lessens the severity thereof.

13. 18 U.S.C. § 3553(a)(2) instructs the Court to impose a sentence which reflects the seriousness of the offense.

<u>The Sentencing Commission, again, has fully considered the seriousness of the offense,</u> relaying the message to this Honorable Court that a two-level reduction is appropriate in this matter.

14. 18 U.S.C. § 3553(a)(6) instructs the Court to impose a sentence which avoids unwarranted sentence disparities among defendants:

<u>The Sentencing Commission recognized the current disparity issues fully, said issues inspiring their 'unanimous' vote to remedy the unwarranted sentencing disparities among similarly-situated offenders.</u>

15. The remaining factors enumerated under 18 U.S.C. §3553(a) should not be used to "trump" the overwhelming significance of the aforementioned factors. The Sentencing Commission has spoken. Their voices are loud! They cannot be ignored. Hopefully, Congress takes notice. However, today, this defendant humbly requests that this Honorable Court takes notice, and remedies an unjust sentence by granting the defendant's motion for a reduction.

16. Continuing with discussion of the legalities involved, reading 18 U.S.C. §3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a sentence. (<u>Vautier</u>, 144 F.3d at 760). First, § 1B1.10(b) directs:

> "In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendments to the guidelines listed in §§ (c) had been in effect at the time defendant was sentenced....."

In other words, the court must substitute the amended guideline range for the originally-applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact. (<u>Vautier</u>, 144 F.3d at 760.) Then, in the second step, the court must consider the factors listed in 18 U.S.C. § 3553(a) and determine whether or not to reduce the defendant's original sentence.

16. The applicable § 3553 factors have been discussed previously. We now turn to other factors. The U.S. Sentencing Guidelines do not now control the the determination of a sentence in Federal Court. However, pursuant to U.S. v. Booker, 543 U.S. 220 (2005), the Court must consult the Guidelines while determining an appropriate sentence under 18 U.S.C. § 3553. According to defendant's original Pre-Sentence Report ("PSR"), the 2000 Guidelines edition suggested a Life sentence. Considering all relevant factors and applicable case law, the amended Guidelines recommend a sentence in the range of 188-235 months. Again, and accordingly, defendant proposes that his sentence be reduced to 188 months.

17. Having discussed applicable legalities, we now turn to specifics concerning the defendant. This case originated by indictment on July 30, 1998, involving multiple counts of money laundering. After defendant Johnson 'failed to appear' and refused to cooperate with the government, an additional, more severe, Count of 'Conspiracy' was added to charges. Multiple "unindicted co-conspirators" were used to satisfy the 'two or more' element of the conspiracy statute. It is noteworthy that defendant Johnson was the only indicted offender.

18. Receiving full benefit and compensation for his assistance to the government was one Gary Enrico Scaff. It was his generous recollection of events that led to a 'relevant conduct' finding that was grossly overstated and misrepresented. The threshold amount of drugs alleged in the superseding indictment was 50 grams. The drug amount found at trial, absent Scaff's suspect testimony was <u>zero</u>. That figure accurately represents the amount of drugs recovered from defendant Johnson as well. . . . .<u>zero</u>.

19. Defendant Johnson's PSR described Johnson's multiple vehicle purchases and trades at great length. Considerably less verbiage covered alleged drug transactions, absent Mr. Scaff's suspect testimony.

20. Many years have passed since this case originated. The factors considered and applied in the year 2000 are now frowned upon and revised. Surely the time is ripe for reconsideration and reduction of sentence. The fact that Mr. Johnson's Criminal History is minimal should be accorded a certain amount of deference at this point.

WHEREFORE, Brian A. Johnson humbly requests that this Honorable Court grant due consideration to his Motion For Reduction of Sentence, taking all applicable factors into account and providing the requested relief, or such other relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED,

/s/ _Brian A. Johnson_
Brian A. Johnson
#
U.S.P. - Big Sandy
P.O. Box 2068
Inez, Kentucky 41224

## CERTIFICATION/MAILING

I, Brian A. Johnson, Pro Se, do hereby certify under penalty of perjury pursuant to the laws of the United States of America, that the foregoing Motion For Reduction of Sentence is true and correct to the best of my information, knowledge, and belief, and that I have duly filed and served the document by placing same in the prison mailing system, with first-class postage affixed, and addressed as follows:

Clerk of the Court
United States District Court
Eastern District of Virginia
· 200 South Washington st
· P.O. Box 21449
Alexandria, Va 22320

United States Attorney
Eastern District of Virginia
· 2100 Jamieson Ave.
· Alexandria, Va 22314

DONE this 12 day of August, 2008, at U.S.P. - Big Sandy, Inez, Kentucky.

/s/ _Brian A. Johnson_
Brian A. Johnson
#
U.S.P. - Big Sandy
P.O. Box 2068
Inez, Kentucky 41224                                   (Pg. 6 of 6.)